UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SAMIR BUDHATHOKI,

Petitioner,

v.

ANDRE QUINONES et al.,

Respondents.

CASE NO. 2:26-cv-04392-LK

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS

This matter comes before the Court on Petitioner Samir Budhathoki's Petition for Writ of Habeas Corpus. Dkt. No. 1. For the reasons described below, the Court grants the petition in part and denies it in part.[1]

## I. BACKGROUND

Petitioner is a native and citizen of Nepal. Dkt. No. 1 at 6. In January 2025, he entered the United States without inspection and was detained at the border. *Id.* He filed an application for

[1] The Court declines to hold an evidentiary hearing because the record is sufficient for adjudication of the petition. *See Owino v. Napolitano*, 575 F.3d 952, 954 (9th Cir. 2009) (holding that "the district court must hold an evidentiary hearing" where "the record is insufficient to decide whether [the petitioner's] detention is authorized by statute").

asylum, that application was denied, he appealed to the Board of Immigration Appeals, and his appeal remains pending. *Id.* at 6–7. Since February 2025, he has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. *Id.* at 6.

In July 2026, Petitioner filed his first petition for a writ of habeas corpus. *Samir v. Scott*, No. 2:26-cv-02653-MLP, Dkt. No. 1 (W.D. Wash. July 27, 2026). Magistrate Judge Michelle Peterson noted that the parties agreed that Petitioner was detained under 8 U.S.C. § 1225(b), found that the *Banda* factors weighed in favor of ordering a bond hearing, and ordered Respondents to provide a bond hearing within 14 days at which they would bear the burden of proving by clear and convincing evidence that Petitioner is a flight risk or danger to the community. *Id.*, Dkt. No. 11 at 3, 7–8 (W.D. Wash. Aug. 28, 2026). The government provided Petitioner with a timely bond hearing, and on September 10, 2026, immigration judge ("IJ") Tammy Fitting denied bond, finding that Petitioner was a flight risk. *Id.*, Dkt. No. 13-1 at 1 (W.D. Wash. Sept. 16, 2026).

Petitioner filed the instant habeas petition on November 12, 2026. Dkt. No. 1. Respondents[2] filed a two-sentence "Abbreviated Return" stating, "Respondents submit that Petitioner challenges the legal sufficiency of a custody redetermination hearing they received from the immigration court. Federal Respondents request that this Court decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 5 at 1.

## II. DISCUSSION

Under the Due Process Clause of the Fifth Amendment to the United States Constitution, no person shall be "deprived of life, liberty, or property, without due process of law[.]" U.S. Const.

---

[2] Although Bruce Scott, the warden of the NWIPC, has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, *see Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary." (citation modified)); and (2) federal respondents often represent the warden's interests, as they do in this case, *see Doe v. Garland*, 109 F.4th 1188, 1196 (9th Cir. 2024) ("Even in cases where private contract wardens are named as respondents, the government can and has stepped in to defend its interest in keeping petitioners detained.").

amend. V. "[T]he Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

As described in this Court's order in *Segura Serrano v. Scott*, No. 2:26-CV-01268-LK, 2026 WL 1674357, at *5–7 (W.D. Wash. May 26, 2026), certain process is due to noncitizens like Petitioner (who is detained under Section 1226(a)) in bond proceedings. Petitioner contends that IJ Fitting abused her discretion in denying bond and he is therefore being detained without due process. Dkt. No. 1 at 17–18. He argues that "[n]othing in the record indicates that the IJ considered the *Guerra* factors or weighed the factors in consideration with the facts presented at [his] hearing," and that IJ Fitting "appears to have made the flight risk determination based on Petitioner's limited ties to the U.S., and his removal order." *Id.* at 13. He further asserts that IJ Fitting erroneously concluded that he lacks ties to the United States, even though he "has two uncles who submitted sworn evidence regarding how they would support him upon his release, and they have supported his immigration case for almost two years[.]" *Id.* According to Petitioner, "the fact of a removal order—or the lack of potential forms of relief for a potential future removal order—is not sufficient by itself to deny bond or establish flight risk." *Id.* (quoting *Jolon Puac v. Hernandez*, No. 2:26-cv-03739-KKE, 2026 WL 3216902, at *5 (W.D. Wash. Oct. 27, 2026)). He seeks immediate release and an injunction prohibiting Respondents "from re-detaining him absent written notice and a hearing prior to re-detention, where Respondents must prove that he is a flight risk or a danger to the community, and that no alternatives to detention would mitigate those risks." *Id.* at 14–15.

Pursuant to the principle of party presentation, courts "rely on the parties to frame the issues for decision[.]" *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). In other words, "our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument

entitling them to relief." *Id.* at 375–76 (citation modified). Because Respondents have not rebutted Petitioner's contention that IJ Fitting failed to afford him a constitutionally adequate bond hearing and that the evidence she relied upon did not constitute clear and convincing evidence that he is a flight risk, the Court concludes that Respondents have failed to carry their burden to show that a writ of habeas corpus should not be granted.

The Court finds that injunctive relief is appropriate given the unique circumstances here. Recent government submissions in litigation in Colorado substantiate Petitioner's concerns regarding a widespread ICE practice of re-detention. *Alvarez v. Baltazar*, No. 1:26-CV-04891-CNS, 2026 WL 3543460, at *2–4 (D. Colo. Nov. 18, 2026); *see also Abedi v. Carter*, No. 25-3179, 2026 WL 3149141, at *9 (10th Cir. Oct. 21, 2026). The Court accordingly finds that there is a specific risk that Respondents will again re-detain Petitioner without adequate procedural protections. "[U]nlawful detention certainly constitutes 'extreme or very serious' damage, and that damage is not compensable in damages." *Hernandez v. Sessions*, 872 F.3d 976, 999 (9th Cir. 2017). Furthermore, the Court finds that both the balance of equities and the public interest favor the entry of a permanent injunction. These two factors merge when the federal government is a party. *Nken v. Holder*, 556 U.S. 418, 435 (2009); *Galvez v. Jaddou*, 52 F.4th 821, 831 (9th Cir. 2022). The government's interests in enforcing immigration laws and protecting the public are in fact served by ensuring adequate procedural protections with respect to deprivation of noncitizens' liberty. And it "is always in the public interest to prevent the violation of a party's constitutional rights." *Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 838 (9th Cir. 2020).

Although the Court finds injunctive relief to be appropriate, the scope of Petitioner's requested injunction is overbroad. The Court will accordingly order tailored injunctive relief requiring that Petitioner be afforded with a pre-detention bond hearing comporting with Section 1226(a) for so long as he is subject to that statute. *Galvez*, 52 F.4th at 834 ("Although the 'district

court has considerable discretion in fashioning suitable relief and defining the terms of an injunction,' the injunction 'must be tailored to remedy the specific harm alleged.'" (quoting *Lamb-Weston, Inc. v. McCain Foods, Ltd.*, 941 F.2d 970, 974 (9th Cir. 1991)). For these reasons, the Court grants in part and denies his request for injunctive relief.

## III. CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED IN PART and DENIED IN PART, and the Court ORDERS as follows:

1. Respondents shall immediately release Petitioner from custody and return his property to him within 24 hours under terms consistent with 1226(a);
2. Absent extenuating circumstances, and so long as Petitioner continues to be subject to Section 1226(a), Respondents and all their officers, agents, employees, attorneys, and persons acting on their behalf or in concert with them shall not re-detain Petitioner without a pre-detention hearing as required under Section 1226(a) and its implementing regulations;
3. Respondents shall file a Joint Status Report by November 30, 2026, confirming that Petitioner has been released;
4. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 428 (3d Cir. 2026) (the Equal Access to Justice Act authorizes award of attorney's fees to petitioners who prevail against the Government in immigration habeas actions); *Daley v. Ceja,* 158 F.4th 1152, 1162 (10th Cir. 2025) (same); *see also Petition of Hill*, 775 F.2d 1037, 1041 (9th Cir. 1985) (reasoning that an award of fees under EAJA was not necessarily foreclosed for a habeas petition brought by "a nonresident [noncitizen]" in the immigration context). Time spent on work that is

"excessive, redundant, or otherwise unnecessary" is not compensable. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992) (citation modified). For example, attorneys may not seek compensation for time spent developing a habeas petition template when such template was merely re-used in the instant proceeding; only the time spent dedicated to this proceeding is compensable. *See* Dkt. No. 1 at 2 (referring to Petitioner as "her"); *Eve Nevada, LLC v. Derbyshire*, No. 21-0251-LK, 2022 WL 279030, at *10 (W.D. Wash. Jan. 31, 2022).

Dated this 25th day of November, 2026.

Lauren King
United States District Judge